UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   PAUL M. DRINKWINE,
       a.k.a. Pauli D,
D-2   JUSTIN D. COOPER,
       a.k.a. Just, and
D-3   JOHN C. WILLIAMS,
       a.k.a. Jizzle Will,

        Defendants.

Case No. 19-cr-20484

HON. STEPHANIE DAWKINS DAVIS
United States District Judge

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REQUIRE GOVERNMENT TO
PRODUCE NAMES OF CONFIDENTIAL SOURCES**
_____

This matter is before the Court on defendant Williams' motion to require the government to produce the names of confidential sources. (R. 57). Defendants Drinkwine and Cooper have joined in the motion. (R. 61, 62). The United States, by its undersigned attorneys, requests that defendant's motion be denied for the reasons stated in the accompanying brief.

## **BRIEF**

**I.   CONFIDENTIAL INFORMANTS**

To the extent Williams is requesting the disclosure of confidential informants, the government enjoys the privilege of withholding the identities of persons who provide information concerning violations of the law. *United States v. Johnson,* 2002 WL 818229, at *4 (6th Cir. Apr.29, 2002) (citing *Roviaro,* 353 U.S. at 59, 77 S.Ct. 623).  A defendant bears the burden of showing how disclosure of the informant's identity would substantively assist his defense. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).  "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."  *United States v. Sharp,* 778 F.2d 1182, 1187 (6th Cir.1985), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1234 (1986) (citation omitted).  "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *Moore,* 954 F.2d at 381 (citation omitted); *United States v. Dexta*, 136 F. App'x 895, 904 (6th Cir. 2005).

Here, Williams makes no specific showing of how disclosure of any confidential informant utilized by the government would substantially assist his defense.  Thus, to the extent Williams is seeking the identities of the government's confidential informants, that request should be denied.

## II. *BRADY, GIGLIO*, AND JENCKS MATERIAL

To the extent Williams is requesting *Brady*, *Giglio*, and Jencks material, the government is aware of its discovery obligations under Fed. R. Crim. P. 16, the Jencks Act, *Brady*, and *Giglio*, and it will continue to comply with these obligations in this case. The government has already produced in discovery nearly 2,000 pages of documents, various audio and video recordings, numerous photographs, and large amounts of cell phone extraction data. Though the government's discovery productions to date have been substantial, they have also been limited in line with the statutory and case law governing discovery, and the government's obligations to safeguard witnesses from violence, threats of violence, and intimidation.

Criminal discovery, unlike broad civil discovery, is relatively constricted, and circumscribed by three rules: (1) Federal Rule of Criminal Procedure 16; (2) The Jencks Act, 18 U.S.C. § 3500 (codified in Federal Rule of Criminal Procedure 26.2); and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (in most criminal prosecutions, these rules "exhaust the universe of discovery to which the defendant is entitled"). *See also United States v. Hart,* 760 F. Supp.653, 660 (E.D. Mich. 1991) (if the information requested is covered by both the *Brady* and the Jencks Act, the government need not disclose the information until the witness has been subject to direct examination). "[D]iscovery afforded by Rule 16 is limited to the evidence

3

referred to in its express provisions." *Presser*, 844 F.2d at 1285. As for the *Brady* doctrine, it "did not create a constitutional right of pre-trial discovery in a criminal proceeding." *Id.* at 1284 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

The production of witness statements and other Jencks Act materials prior to trial would violate the express terms of the Act. 18 U.S.C. § 3500 ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."). The Sixth Circuit in *Presser* held that "the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness." 844 F.2d at 1285. It cautioned that "[t]he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the Government may not be compelled to disclose Jencks Act material before trial." *Id.* at 1283. This rule is necessary because "providing the defense with such a broad right of pre-trial discovery would vitiate an important function of the Jencks Act, the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial." *Id.* at 1285.

The same is true for *Brady* material covered by the Jencks Act. As the Sixth Circuit has "stated repeatedly, '[w]hen *Brady* material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure.' " *United States v. Brazil*, 395 F. App'x 205, 215 (6th Cir. 2010) (quoting *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002)). "If impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence . . . the government may not be compelled to disclose Jencks Act material before trial." *Brazil*, 395 F. App'x at 215. (quoting *Presser*, 844 F.2d at 1283). "Put another way: the Jenks [sic] Act trumps *Brady* where impeachment evidence is Jencks Act material." *Brazil*, 395 F. App'x at 215. The purpose of the criminal discovery rules is to preserve trial rights, thus "so long as the defendant is given impeachment material . . . in time for use at trial," there is no constitutional violation. *See Presser*, 844 F.2d at 1283. Furthermore, the Sixth Circuit in *Presser* found that any prejudice a defendant may suffer from the disclosure of impeachment evidence during trial can be eliminated by the court ordering a recess. *United States v. Bencs*, 28 F.3d 555 (6th Cir. 1994) (quoting *Presser*, 844 F.2d at 1283-84 (6th Cir. 1988)).

Given the circumstances surrounding the charges in this case, which included the defendants (whom the government believes are gang members) and other armed men forcibly entering a residence and shooting the homeowner in an attempted

5

robbery, the government has legitimate concerns about witness safety and intimidation.

## **CONCLUSION**

For the reasons set forth herein, the government respectfully requests that the Court deny Williams' motion.

                                          Respectfully submitted,

                                          MATTHEW SCHNEIDER
                                          United States Attorney

Dated:  July 6, 2020              s/ANTHONY P. VANCE
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          600 Church Street
                                          Flint, Michigan 48502-1280
                                          Phone: (810) 766-5177
                                          anthony.vance@usdoj.gov
                                          P61148

                                          s/JULES M. DEPORRE
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          600 Church Street
                                          Flint, Michigan 48502-1280
                                          Phone: (810) 766-5177
                                          jules.deporre@usdoj.gov
                                          P73999

                s/ANN NEE
                Assistant United States Attorney
                United States Attorney's Office
                600 Church Street
                Flint, Michigan 48502-1280
                Phone: (810) 766-5177
                ann.nee@usdoj.gov
                P81487

## **CERTIFICATION OF SERVICE**

I hereby certify that on, July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

                s/Jessica Stanton
                United States Attorney's Office