UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   PAUL M. DRINKWINE,
        a.k.a. Pauli D,
D-2   JUSTIN D. COOPER,
        a.k.a. Just, and
D-3   JOHN C. WILLIAMS,
        a.k.a. Jizzle Will,

        Defendants.

Case No. 19-cr-20484

HON. STEPHANIE DAWKINS DAVIS
United States District Judge

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS REGARDING COUNT
THREE OF THE FIRST SUPERSEDING INDICTMENT**
_____

This matter is before the Court on defendant Williams' motion for a bill of particulars regarding count three of the first superseding indictment. (R. 58). The United States, by its undersigned attorneys, requests that defendant's motion be denied for the reasons stated in the accompanying brief.

## **BRIEF**

Under Federal Rule of Criminal Procedure 7(c), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is legally insufficient unless "it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009) ("[T]he indictment must: (1) 'set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces,' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" (*quoting United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005))); *United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) ("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times." (collecting cases)).

Although an indictment may be legally sufficient for purposes of Rule 7(c) and *Hamling*, it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial. *United States v. Nero*, 2019 WL 3564590, at *1

(E.D. Mich. Aug. 6, 2019). Accordingly, Rule 7(f) states that the Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). According to the Sixth Circuit, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see also United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) ("[T]he proper inquiry on a motion to compel a bill of particulars is whether the information sought is necessary, not whether it is helpful.").

Importantly, however, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1375 (6th Cir. 1993); *see also United States v. Martin*, 822 F.2d 1089, at *3 (6th Cir. 1987) (Table) (*per curiam*) ("[A] bill of particulars is not to be used as a general discovery device.... This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy."). For example, a "defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *Musick*, *supra* at 724. Nor is a bill of particulars meant to allow the defendant a preview of the government's legal theory of the case. *Kogan*, *supra* at 132.

In drug conspiracy cases, both the Sixth Circuit and the Supreme Court have held that the government does not need to prove the commission of any overt acts in furtherance of the conspiracy to secure a conviction under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 15 (1994); *United States v. Superior Growers Supply, Inc*, 982 F.2d 173, 177 (6th Cir. 1992). Accordingly, a defendant is generally not entitled to receive details on the government's conspiracy allegations in a bill of particulars in drug conspiracy cases and courts have routinely denied a bill of particulars in such instances. *See Musick*, supra at 724–725.

Here, Williams claims that count three of the first superseding indictment is inadequate as it does not provide sufficient notice of the government's claimed evidence. A reading of count three, however, clearly demonstrates that it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates. Moreover, when read in conjunction with the remaining counts of the indictment, and the discovery provided to Williams[1], it is clear that all of the counts, including count three, relate to the aim of the defendants, including Williams, to obtain a distribution amount of marijuana from the residence of P.D. and B.L., which culminated in an attempted robbery on November 19, 2017.

In *United States v. Vassar*, the Sixth Circuit dealt with a count charging

---

[1] The government has produced in discovery nearly 2,000 pages of documents, various audio and video recordings, numerous photographs, and large amounts of cell phone extraction data.

participation in a drug conspiracy similar to the one at issue here. *United States v. Vassar*, 346 F. App'x 17, 19 (6th Cir. 2009). The count reviewed in that case read:

> From on or before January 1, 2004, until on or about August 24, 2005, within the Eastern District of Tennessee, the defendants, DEWEY LYNN PHILLIPS, JAMES MARK THORNTON, MICHAEL CARL VASSAR, MICHAEL CHARLES GUNTER, and others known and unknown to the grand jury, did conspire, confederate and agree with each other and others both known and unknown to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

*Id*. at 19. The Sixth Circuit found that language to be sufficient. *Id*. The Court noted that courts have found indictments insufficient where they are open-ended as to both beginning and end dates, but sufficient where they fix the end of the conspiracy and provide an approximate start date. *Id*. at 19–20. And the Court observed that conspiracy indictments typically charge "others known and unknown to the grand jury," and that such language does not render an indictment unconstitutionally vague. *Id*.

> In this case, count three of the first superseding indictment reads:
>
> From sometime in 2017, and continuing to on or about November 19, 2017, in the Eastern District of Michigan, PAUL M. DRINKWINE, JUSTIN D. COOPER, and JOHN C. WILLIAMS, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with others known and unknown to the Grand Jury, to possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, which is attributable to each defendant

as a result of his own individual conduct, and the conduct of other conspirators reasonably foreseeable to each of them, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Given the similarity to the conspiracy charge in *Vassar*, count three of the first superseding indictment comports with the Federal Rules of Criminal Procedure and is neither vague nor undefined. Count three sufficiently alleges the facts, including time, place, and circumstances, as well as the essential elements of the charge of conspiracy to possess with intent to distribute marijuana, to allow Williams to be aware of the charge against him, to adequately prepare to defend against that charge, and to plead a bar against double jeopardy. Accordingly, Williams motion should be denied.

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that the Court deny Williams' motion.

                                Respectfully submitted,

                                MATTHEW SCHNEIDER
                                United States Attorney

Dated: July 6, 2020           s/ANTHONY P. VANCE
                                Assistant United States Attorney
                                United States Attorney's Office
                                600 Church Street
                                Flint, Michigan 48502-1280
                                Phone: (810) 766-5177
                                anthony.vance@usdoj.gov
                                P61148

s/JULES M. DEPORRE
Assistant United States Attorney
United States Attorney's Office
600 Church Street
Flint, Michigan 48502-1280
Phone: (810) 766-5177
jules.deporre@usdoj.gov
P73999

s/ANN NEE
Assistant United States Attorney
United States Attorney's Office
600 Church Street
Flint, Michigan 48502-1280
Phone: (810) 766-5177
ann.nee@usdoj.gov
P81487

## CERTIFICATION OF SERVICE

I hereby certify that on, July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Jessica Stanton
United States Attorney's Office
