UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 19-cr-20484

v.

                                      HON. STEPHANIE DAWKINS DAVIS

D-1   PAUL M. DRINKWINE,        United States District Judge
           a.k.a. Pauli D,
D-2   JUSTIN D. COOPER,
           a.k.a. Just, and
D-3   JOHN C. WILLIAMS,
           a.k.a. Jizzle Will,

               Defendants.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE
ADMISSIBLE TO ATTACK THE CREDIBILITY OF CO-CONSPIRATOR
DECLARANTS NOT TO BE CALLED AS WITNESSES**

_____

This matter is before the Court on defendant Williams' motion for pretrial production of evidence admissible to attack the credibility of co-conspirator declarants not to be called as witnesses.  (R. 64)[1].  Defendant Drinkwine joined in the motion.  (R. 70).  The United States, by its undersigned attorneys, requests that defendant's motion be denied for the reasons stated in the accompanying brief.

_____

[1] Williams has filed another motion (*see* R. 68), which appears to be identical to the instant motion (R. 64).  The government responds to both motions here.

# **BRIEF**

Williams appears to be requesting the disclosure of *Brady* and *Giglio* material couched in the context of Federal Rule of Evidence 806.

Rule 806 governs the admissibility of impeachment evidence a party wishes to use to undermine a hearsay statement. Rule 806, however, provides no authority for William's request for pretrial disclosure of this impeachment evidence. *United States v. Beavers*, No. 16-CR-20677, 2017 WL 3704383, at *3 (E.D. Mich. Aug. 28, 2017).

The government is mindful of its duty to disclose evidence favorable to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and similar cases. A component of such disclosure is the release of impeachment evidence. *Id*. This duty is clear and shall not be breached. It is also clear, however, that pretrial disclosure of impeaching information is not required by *Brady*. As the Sixth Circuit stated in *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971): "Brady did not deal with pretrial discovery. It concerned prosecutorial suppression of evidence known to be crucial to the defense of the accused . . . Brady was never intended to create pretrial remedies."

Similarly, the Sixth Circuit has recognized that "evidence properly disclosed after testimony at trial pursuant to the Jencks Act cannot be subject to earlier disclosure on the basis of Brady. To this extent, the Jencks Act overrides Brady and

is the sole requirement for the disclosure of such evidence." *United States v. Mullins*, 22 F.3d 1365, 1372 (6th Cir.1994). *See also United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988)(the "*Brady* doctrine did not create a constitutional right to pre trial discovery in a criminal proceeding."); *United States v. Fletcher*, 295 Fed. Appx. 749, 2008 WL 4428741, No. 06-6304 (6th Cir., Oct. 1, 2008)("The rule in this circuit, however, is clear that '[w]hen Brady material sought by a defendant is covered by the Jencks Act ... the terms of that Act govern the timing of the government's disclosure."). Williams is, therefore, not entitled to the pretrial production of impeachment material.

## **CONCLUSION**

For the reasons set forth herein, the government respectfully requests that the Court deny Williams' motion.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

Dated:  July 6, 2020          s/ANTHONY P. VANCE
                             Assistant United States Attorney
                             United States Attorney's Office
                             600 Church Street
                             Flint, Michigan 48502-1280
                             Phone: (810) 766-5177
                             anthony.vance@usdoj.gov
                             P61148

3

s/JULES M. DEPORRE
Assistant United States Attorney
United States Attorney's Office
600 Church Street
Flint, Michigan 48502-1280
Phone: (810) 766-5177
jules.deporre@usdoj.gov
P73999

s/ANN NEE
Assistant United States Attorney
United States Attorney's Office
600 Church Street
Flint, Michigan 48502-1280
Phone: (810) 766-5177
ann.nee@usdoj.gov
P81487

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on, July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Jessica Stanton
United States Attorney's Office