UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 PAUL M. DRINKWINE,
        a.k.a. Pauli D,
D-2 JUSTIN D. COOPER,
        a.k.a. Just, and
D-3 JOHN C. WILLIAMS,
        a.k.a. Jizzle Will,

    Defendants.
_____/

Case No. 19-cr-20484

Stephanie Dawkins Davis
United States District Judge

**ORDER DENYING DEFENDANTS' MOTIONS TO REQUIRE GOVERNMENT TO PRODUCE NAMES OF CONFIDENTIAL SOURCES, AND DENYING MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE ADMISSIBLE TO ATTACK THE CREDIBILITY OF CO-CONSPIRATOR DECLARANTS <u>NOT TO BE CALLED AS WITNESSES</u>  [ECF NOS. 57, 64, 68]**

I.    **INTRODUCTION AND FACTUAL BACKGROUND**

Before the court is Defendant John Williams' Motion to Require Government to Produce Names of Confidential Sources.  (ECF No. 57).  Defendants Paul Drinkwine and Justin Cooper join in the Motion.  (ECF Nos. 61, 62).  In this Motion, Defendants seek an order requiring the Government to produce the names of its confidential sources at least 60 days before trial.  Williams states that defense

1

counsel needs sufficient time to conduct a thorough investigation of the witnesses against him. (ECF No. 57, PageID.149). Additionally and/or alternatively, Williams suggests that this court should require the Government to provide the names to defense counsel and restrict counsel from disclosing the names until trial. (*Id.* at PageID.152) The Government filed its opposition to Williams' Motion on July 6, 2020. (ECF No. 75). The Government asserts that it is entitled to withhold the identities of people who provide information about violations of the law. (*Id.* at PageID.229). Further, it contends that it will continue to follow its obligations to disclose *Brady*,[1] *Giglio*,[2] and *Jencks*[3] material pursuant to Fed. R. Crim. P. 16, the Jencks Act, and the *Brady* and *Giglio* cases. *Id.*

Also before the court is Williams' Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to be Called as Witnesses. (ECF Nos. 64, 68).[4] Defendant Drinkwine joins in this Motion. (ECF No. 70). Defendants move this court to order the Government to

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady* held that it violates due process for the Government to withhold information that is favorable to the defendant and material to guilt or punishment, where the defendant requests such information.
[2] *Gilgio v. United States*, 405 U.S. 150, 155 (1972). This case requires the Government to disclose if a witness, whose testimony the Government relies on to prove its case, was a co-conspirator who was not indicted. The *Giglio* court held that the information is relevant to the witness' credibility.
[3] 18 U.S.C. §3500. The Jencks Act requires the Government to produce reports and transcripts of Government witnesses when a defendant requests the material. The production of said material is not required until after a witness has testified in the trial of the case.
[4] Williams filed this Motion on the docket twice.

disclose impeachment evidence of co-conspirator declarants before the trial in this matter. The Government opposes this Motion also, again stating that it will be mindful of its duty to disclose evidence favorable to the defense under *Brady*, *Giglio*, and similar cases. (ECF No. 78, PageID.247). For the reasons discussed below, the court will DENY both Motions.

## II.  LEGAL STANDARDS

In general, the question of disclosure of the identity of an informer is left to the discretion of the trial court. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985). The government has the privilege, often referred to as the "informer's privilege," of withholding the identities of people who provide it with information about violations of the law. *Roviaro v. United States*, 353 U.S. 53, 59–60 (1956); *United States v. Johnson*, 39 F. App'x 114, 118 (6th Cir. 2002). However, the privilege is limited by fundamental fairness. *Id.* In order for the government to exercise the privilege, "the public interest in protecting the flow of information to the government must outweigh a defendant's need for disclosure in the preparation of his defense." *Id.* A defendant must demonstrate "how disclosure would substantively assist his defense" to require the government to disclose an informant's identity. *Id.* at 118–19. The defendant must show that disclosure of an informant is "essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Fed. R. Evid. 801(d)(2)(E) allows the admission of statements made by a party opponent who was "the party's co-conspirator during and in furtherance of [a] conspiracy." And Fed. R. Evid. 806 allows the credibility of an 801(d)(2)(E) declarant to be attacked or supported "by any evidence that would be admissible . . . if the declarant had testified as a witness." Pursuant to *Brady*, the government is not required to disclose 801(d)(2)(E) impeachment evidence before trial. *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (stating that *Brady* applies to "a complete failure to disclose," and not delayed disclosure); *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971) (stating that "Brady did not deal with pretrial discovery."). *Brady* only applies to a complete failure to disclose exculpatory information. *Davis*, 306 F.3d at 421. Evidence that the government discloses at trial under the Jencks Act "cannot be subject to earlier disclosure" pursuant to *Brady*. *United States v. Mullins*, 22 F.3d 1365, 1372 (6th Cir. 1994); *United States v. Presser*, 844 F.2d 1275, 1282–85 (6th Cir. 1988) (finding that neither *Brady, Giglio v. United* States, 405 U.S. 150 (1972), nor Fed. R. Cr. P. 16 create a right to broad pretrial discovery of impeachment evidence that is subject to the Jencks Act).

III. **DISCUSSION**

  A. <u>**Motion to Require Government to Produce Names of Confidential Sources**</u>

Williams' first Motion argues that he needs the names of the Government's confidential sources in order for his attorney to undertake a thorough investigation of the witnesses against him and provide him with effective assistance of counsel. (ECF No. 57, PageID149). Defendants further contend that disclosure 60 days before trial is necessary so that counsel can prepare effective cross-examination of the witnesses, and provide defendant(s) with the full benefits guaranteed by the Confrontation Clause. *Id.* The Government states that it has concerns about the safety of its confidential sources and possible witness intimidation due to the circumstances surrounding the charges in this case. (ECF No. 75, PageID.233).

Williams' Motion fails to demonstrate that obtaining the identity(ies) of the Government's sources 60 days before trial is necessary to have a fair trial. The Motion merely asserts, without elaborating, that counsel will need the identity of the informants at least 60 days before trial in order to investigate and prepare cross-examinations. But simply asserting the right to prepare a defense "does not automatically outweigh the public interest in protecting confidential informants." *United States v. Cooper*, No. 08-20464, 2009 WL 1384145, at *5 (E.D. Mich. May 14, 2009) (Cook, J.) (quoting *Moore*, 954 F.2d at 381). Further, "mere conjecture

5

or supposition" is not sufficient to warrant disclosure. *United States v. Doxey*, 833 F.3d 692, 707 (6th Cir. 2016) (quoting *Sharp*, 778 F.2d at 1187); *see also United States v. Byrd*, No. 14-20567, 2015 WL 1491337, at *4 (E.D. Mich. Mar. 31, 2015) (Cox, J.).

The Sixth Circuit has consistently affirmed the trial court's denial of motions to disclose confidential informants where the defendant states that he requires the identity of informants to prepare his defense. *See United States v. Doxey*, 833 F.3d 692, 707 (6th Cir. 2016) (affirming the district court's refusal to disclose an informant's identity when the defendant argued that disclosure would allow him to assess the strength of the government's case); *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) (affirming the district court's denial of a motion to require the government to disclose a confidential informant's identity where the defendant argued that the identity was necessary to present a viable defense); *Moore*, 954 F.2d at 381 (affirming the district court's refusal to compel disclosure of a confidential informant's identity where the defendant only advanced a statement that the informant's "testimony might assist in his defense"); *see also Sharp*, 778 F.2d at 1183, 1186–87 (finding that the district court erred by ordering disclosure of an informant's identity where defense counsel stated that disclosure would be relevant and helpful to his defense).

Similarly, here, Williams' Motion contends that he requires disclosure of the Government's confidential sources in order to effectively prepare his defense. But Williams fails to advance any other evidence or specific reasoning to show that he needs the identity of the sources to substantively assist his defense and ensure he gets a fair trial. Pursuant to *Doxey*, *Ray*, *Moore*, and *Sharp*, the Court will not grant Williams' Motion based on his conclusory assertion that he needs the identities to prepare his defense.

### B. Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants not to be Called as Witnesses

Williams' second Motion, in which Drinkwine joins, contends that the Government will likely seek to admit statements under Fed. R. Evid. 801(d)(2)(E): opposing party statements "made by the party's co-conspirator during and in furtherance of the conspiracy." Williams moves for pre-trial disclosure of impeachment evidence of these declarants. Williams argues that he is an indigent defendant with limited resources, and that his counsel will have "very limited" time outside of the courtroom once trial begins. (ECF No. 64, PageID.185). Further, even if he did have adequate resources, Williams asserts that an investigator may not be available mid-trial to follow-up on impeachment information that the Government may disclose during trial. *Id.* Therefore, he requests pre-trial disclosure. The Government states that Williams does not have a

right to the impeachment evidence that it requests pre-trial. (ECF No. 78, PageID.247). It asserts that it will disclose any exculpatory evidence that it is required to; however, disclosure is not required before trial. *Id.*

Williams cites to the Government's *Brady* obligation to disclose exculpatory evidence in his Motion. (ECF No. 64, PageID.184). However, as the court stated, *supra*, the Sixth Circuit has consistently held that pre-trial disclosure is not required under *Brady* or the Jencks Act. *Davis*, 306 F.3d at 421 (stating that *Brady* applies to "a complete failure to disclose," and not delayed disclosure); *Mullins*, 22 F.3d at 1372 (holding, "evidence properly disclosed after testimony at trial pursuant to the Jencks Act cannot be subject to earlier disclosure on the basis of *Brady*."); *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988) (concluding that "the *Brady* doctrine did not create a constitutional right of pre-trial discovery in a criminal proceeding."); *Moore*, 439 F.2d at 1108 (noting that "Brady did not deal with pretrial discovery."). Williams therefore does not have a right to collect impeachment evidence of 801(d)(2)(E) declarants before trial. Nor does Williams claim that he has a right to pre-trial disclosure of this evidence. (*See* ECF No. 64).

Williams asserts that he does not have the resources to make use of mid-trial disclosures from the Government; therefore he needs the information before trial so he has the time to properly investigate the information. However, this court

may order a recess during the trial in this case to allow Defendants time to examine any evidence disclosed and decide how to use it, thereby avoiding any potential prejudice that Williams may suffer from mid-trial disclosure. *United States v. Presser*, 844 F.2d 1275, 1283–84 (6th Cir. 1988) ("[a]ny prejudice the defendant may suffer . . . [from the] disclosure of the impeachment evidence during trial can be eliminated by the trial court ordering a recess"). Notwithstanding the preceding, the court acknowledges that providing such information before trial may assist with trial efficiency and therefore encourages the government to assess the timing of any such disclosures, making every effort to avoid and/or minimize any unnecessary trial disruptions.

### IV.  CONCLUSION

Defendant Williams has failed to demonstrate that the disclosure of the Government's confidential sources is essential for him to receive a fair trial and substantively assist his defense. Therefore, the court will DENY the Motion to Require Government to Produce Names of Confidential Sources. (ECF No. 57). Williams has also failed to demonstrate that he is entitled to pre-trial disclosure of 801(d)(2)(E) impeachment evidence. The court will DENY the Motion for Pretrial Production of Evidence. (ECF Nos. 64, 68).

SO ORDERED.

Dated:     March 8, 2021

<u>s/Stephanie Dawkins Davis</u>  
HON. STEPHANIE DAWKINS DAVIS  
United States District Court Judge